ROBERT DALE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dale v. Commissioner
Docket No. 11212-78
United States Tax Court
T.C. Memo 1981-331; 1981 Tax Ct. Memo LEXIS 412; 42 T.C.M. (CCH) 246; T.C.M. (RIA) 81331; June 25, 1981. George W. Reynolds, for respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Randolph F. Caldwell, Jr., pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion, which is set forth below. OPINION OF SPECIAL TRIAL JUDGE CALDWELL, Special Trial Judge: This case is presently before the Court on petitioner's motion for summary judgment filed on March 19, 1981. Respondent filed a notice of objection to petitioner's motion on May 28, 1981, and on June 5, 1981, an affidavit in opposition to petitioner's motion. The case came on for hearing at the Motions *414 Session in Washington on June 10, 1981. Respondent appeared by his counsel and offered oral argument in opposition to the granting of petitioner's motion. There was no appearance by or on behalf of petitioner. However, the Court had before it two documents filed by petitioner in support of his motion. At the conclusion of the hearing, the motion was taken under advisement. In a notice of deficiency dated June 30, 1978, respondent determined a deficiency in petitioner's 1971 Federal income tax in the amount of $ 167,968.24, and an addition to tax for fraud under section 6653(b) of the Internal Revenue Code of 1954 in the amount of $ 83,984.12. In petitioner's motion for summary judgment, the ground relied on is that assessment and collection of the deficiency and addition to tax for 1971 are barred by the three-year statute of limitations provided in section 6501(a). Rule 39 of this Court's Rules of Practice and Procedure provides as follows: RULE 39. PLEADING SPECIAL MATTERS A party shall set forth in his pleading any matter constituting an avoidance *415 or affirmative defense, including res judicata, collateral estoppel, estoppel, waiver, duress, fraud, and the statute of limitations. A mere denial in a responsive pleading will not be sufficient to raise any such issue. [Emphasis supplied.] In the petition, there is no assertion by petitioner that the statute of limitations bars the assessment and collection of the asserted deficiency and addition to tax. [3] The statute of limitations not having been pleaded as required by Rule 39, there is presently no issue as to the statute of limitations and petitioner's motion for summary judgment is hence premature. For this reason, if for no other, his motion should be denied. Petitioner may, of course, file a motion for leave to file an amendment to his petition to plead the statute of limitations, accompanying his motion for leave with the amendment he seeks to make. The Court will be hospitable to receiving and favorably considering such a motion for leave accompanied by a proffered amendment. See Rule 41(a). *416 Though the foregoing is sufficient to dispose of petitioner's motion for summary judgment, it is believed appropriate to set forth reasons why petitioner's motion would have to be denied even if the statute of limitations had been affirmatively pleaded, as required. It is hoped that the following may forestall petitioner's filing of a second motion for summary judgment if, as, and when he proceeds to amend his petition in the manner suggested above. Fundamental to entitlement to a party's prevailing on a motion for summary judgment is that there must be no genuine issue as to any material fact. Rule 121(b). In the present posture of this case there are at least three areas presenting genuine issues as to material facts. 1. Petitioner's competency to execute consents extending the period of limitations for assessment and collection of tax. Attached to respondent's motion are three timely consents (Form 872) extending the period of limitation for the year 1971, each bearing the signature of petitioner and his wife. The first, dated June 7, 1975, extended the period to June 30, 1976; *417 the second, dated May 10, 1976, extended the period to September 30, 1977; and the third, dated September 13, 1977, extended the period to June 30, 1978. Respondent mailed the notice of deficiency on June 30, 1978, which, taken together with petitioner's timely filing of the petition on September 29, 1978, effectively extended the period of assessment and collection until 60 days after the decision in this case becomes final. Section 6503(a)(1). But, petitioner urges that his signatures on the consents were obtained by the Internal Revenue Service by means of coercion and duress exerted upon him at a time when he asserts that he had been declared legally incompetent by United States District Judge Henry Werker of the Southern District of New York. Of course, whether the Service did exert threats and duress entails a factual inquiry as to what exactly was done. Furthermore, the record in this case at this time contains no evidence as to whether, when, and if so to what extent petitioner was declared legally incompetent, and this defect can only be cured by factual development. There are thus genuine issues of material fact in this area where petitioner is attacking the validity *418 of the consents, and accordingly summary judgment for petitioner would be inappropriate. 2. Whether petitioner's 1971 return was false or fraudulent with intent to evade tax. Section 6501(c)(1) provides that in the case of a false or fraudulent return with the intent to evade tax, the tax may be assessed at any time. In other words there is no time limit within which assessment and collection may be made in the specified circumstance of a false or fraudulent return with the intent to evade tax. Respondent has determined an addition to tax for fraud under section 6653(b) and in paragraph 6 of his answer has alleged the grounds upon which he relies to show that the determined deficiency (which is the same as an underpayment) is due to petitioner's fraud with intent to evade tax. If he proves that the underpayment was due to petitioner's fraud with intent to evade tax, then the return would be false and fraudulent and the bar of the statute of limitations would be lifted. At the heart of this matter is petitioner's intent, and there can be no more classic factal question than that *419 of a taxpayer's intent, which must be gleaned from all the circumstances of the case. There are thus genuine issues of material fact which must be developed on the question of petitioner's intent, and therefore summary judgment in petitioner's favor would be inappropriate. 3. Whether there has been a substantial omission from gross income within the meaning of section 6501(e)(1). Section 6501(e)(1) provides that "if the taxpayer omits from gross income an amount properly includable therein which is in excess of 25 percent of the amount of gross income stated in the return, the tax may be assessed * * * at any time within 6 years after the return was filed." Respondent asserted in his notice of deficiency that petitioner omitted gross income in the amount of $ 259,525, which petitioner denied in his petition. Petitioner reported on his return gross income in the amount of $ 177,283. If petitioner did omit the determined amount of gross income, or a lesser amount but one still in excess of $ 44,320.75 (25 percent of $ 177,283), then the six-year period would be applicable. The notice *420 of deficiency was mailed within six years after the filing of the return, and the bar of the statute would be lifted. Whatever the amount, if any, of gross income omitted from petitioner's 1977 Federal income tax return obviously presents factual issues which make summary judgment for petitioner inappropriate. For all of the foregoing reasons, petitioner's motion for summary judgment, filed on March 19, 1981, should be denied. An appropriate order will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
3. In item 1 in paragraph 4 of the petition, it is stated: "Those forms you had me sign (#872) were signed under duress and threat while I was legally incompetent. I wasn't told I didn't have to sign any of them." It may be that petitioner was attempting to plead the bar of the statute of limitations. It is believed that, as is now clearly his desire, to raise the statute as a defense, he should amend his petition to affirmatively and unequivocally do so. The steps he should take to that end are discussed infra↩.